IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARLON D. GUY,

                Plaintiff,

v.

MARATHON COUNTY JAIL,

                Defendant.

OPINION and ORDER

21-cv-198-jdp

---

    Pro se plaintiff Marlon D. Guy was formerly incarcerated at the Marathon County jail and is currently incarcerated at Dodge Correctional Institution. Guy says that while he was at the jail, he was given the wrong medication.

    Guy has been granted leave to proceed in forma pauperis, Dkt. 4, and he has made the initial partial payment of his filing fee. Because he is proceeding in forma pauperis and because he is a prisoner suing government officials, the next step is for me to screen his complaint under 28 U.S.C. §§ 1915 and 1915A. In doing so, I must dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief must be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. I must accept Guy's allegations as true. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). And I must construe Guy's complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    Guy's complaint includes only the following allegations, which Guy has numbered as follows:

    1. Marathon medical staff

    2. gave me the wrong med for 2 ½ 3 mos.

    3. Sept. 2020 to about Dec. 2020

    4. It happened in Marathon County jail while I was incarcerated.

    5. I'll take it they wasn't paying attention to what they was doing.

Dkt. 1, at 2.

These allegations at most support a claim for the state-law tort of negligence. But a federal court may not hear cases involving only state-law claims unless a plaintiff can establish diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. 28 U.S.C. § 1332. Guy says that he is a Wisconsin citizen, and the only defendant he names is Marathon County, Wisconsin. So he doesn't meet the diversity requirement.

If Guy intended to bring federal claims for the violation of his constitutional rights, he has not stated a claim against the county because he did not include the types of allegations that would show that the county could be liable for the violation of his constitutional rights, such as that a county policy or practice caused him harm. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). More commonly, plaintiffs bring constitutional claims against individual government employees who were personally involved in violating the plaintiff's rights. But Guy does not name individual jail employees as defendants, nor does he discuss individual employees' actions in his complaint.

Guy's complaint does not state a claim for relief that this court may consider. But because he appears pro se, I will give him a chance to amend his complaint. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("[W]hen a plaintiff—especially a pro se plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). If Guy believes that he can state a constitutional claim related to his fall, he should draft new

2

allegations as if he were telling a story to people who know nothing about the events at issue. In particular, he should explain the actions jail officials took to harm him over the three-month period mentioned in his original complaint, and he should identify the specific people who committed those acts and name them as defendants in the caption of his complaint. If Guy does not know the identity of the defendants, he may label them as John Doe No. 1, John Doe No. 2, and so on. If Guy fails to respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief may be granted.

Guy also asks the court to assist him in recruiting counsel. Dkt. 8. A party requesting such assistance must show three things: (1) he cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1); (2) he has made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it, *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Guy meets the first requirement because he is proceeding in forma pauperis under 28 U.S.C. § 1915. But he doesn't describe any attempts he has made to find a lawyer on his own. Nor does he explain why this case will be too difficult for him to proceed without a lawyer. And in any event, it is much too soon to tell whether this case will be too complex for Guy to handle on his own; he should be able to amend his complaint with the assistance of counsel.

I will decline to recruit counsel for Guy at this time. If he submits an amended complaint by his deadline to do so, and if I conclude that his amended complaint satisfies the screening requirements, he may renew his motion at a later date. But if he does so, he must explain what specific litigation tasks he is unable to perform without counsel.

ORDER

IT IS ORDERED that:

1. Plaintiff Marlon D. Guy's complaint, Dkt. 1, is DISMISSED.

2. Guy may have until August 11, 2021, to submit an amended complaint addressing the problems described in the opinion above.

3. Guy's motion for assistance in recruiting counsel, Dkt. 8, is DENIED without prejudice.

Entered July 22, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge